FILED
2010 May-28  PM 12:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **JEREMY & AMANDA FRANKS,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. _____ |
| ) | |
| **REAL TIME RESOLUTIONS,** ) | |
| **INC.,** ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

**COME NOW** the Plaintiffs Jeremy & Amanda Franks ("Plaintiffs" or "the Franks"), and for their complaint against the Defendant Real Time Resolutions, Inc. ("Resolutions" or "Defendant"), states as follows:

## PARTIES, JURISDICTION AND VENUE

1.  The Franks are over the age of nineteen years and reside in Marion County, Alabama.

2.  Resolutions is a corporation organized and existing under the laws of a state other than Alabama, the principal place of business of which is in a state other than Alabama. Resolutions is engaged in the purchasing and collection of defaulted debts.

3. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1334. Venue is proper in this action, in that a substantial portion of the acts or omissions giving rise to this claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

4. The Franks were the owners of a residence located at 231 Oakleaf Circle, Winfield Alabama. That residence was subject to two mortgages securing loans which the Franks obtained from Option One Mortgage.

5. On April 26, 2007, Plaintiffs filed Chapter 13 Bankruptcy in the United States Bankruptcy Court for the Northern District of Alabama, Western Division. Plaintiffs listed the mortgage debts as debts in the bankruptcy. Upon filing and in the months after filing, Plaintiffs intended to keep their home and to satisfy the arrearages associated with the mortgage debts through their Chapter 13 plan. However, in the months leading to July of 2008, the Franks became unable to satisfy the mortgage debt obligations and, ultimately, Option One foreclosed upon the home. After the foreclosure sale, there remained two unsecured debts payable to Option One which were part of the bankruptcy.

6. On February 23, 2009, Resolutions filed into the bankruptcy court a Notice of Transfer of Claim, evincing a transfer of Option One's unsecured claim

to Resolutions. That same day, Resolutions filed its own claim in Plaintiffs' bankruptcy, in the amount of $31,794.92, all of which was designated as unsecured.

7. On June 17, 2009, Plaintiffs were discharged from bankruptcy, thus absolving Plaintiffs from any further responsibilities or duties associated with the repayment of the mortgage debts made the basis of the bankruptcy, including all amounts allegedly owed to Option One or Resolutions.

8. Several months after Plaintiffs were discharged, Plaintiffs began receiving dunning letters from Resolutions. After receiving the first letters, Plaintiffs contacted their bankruptcy attorney, Anne Wilson Guthrie of Tuscaloosa, Alabama, who then contacted Resolutions on Plaintiffs' behalf to demand that these illegal collection activities cease. On or about November 12, 2009, Ms. Guthrie spoke with a Robert of Defendant Resolutions, who confirmed that Resolutions would cease all collection activity, since the debts had been discharged.

9. Despite Resolutions' representations, Resolutions has continued to attempt collection on Plaintiffs' discharged debts. For the past six months, Resolutions has continuously sent collection letters and placed multiple collection

calls to Plaintiffs, usually several such calls or letters per week, in an attempt to collect on these discharged debts. Resolutions continues those efforts even today.

10. As a direct result of the Defendant's unjustified and inexplicable actions, Plaintiffs have suffered economic damages, extreme humiliation and embarrassment, upset and worry, all of which are the direct result of the Defendant's unjustified and intolerable actions.

## **COUNT ONE - OUTRAGE**

11. Plaintiffs reallege and adopt by reference all prior allegations of the Complaint, as if set forth fully herein.

12. Defendant had no justification to attempt collection efforts against Plaintiff after their discharge from bankruptcy. The Defendant knew that Plaintiffs had received a discharge and that Plaintiffs' debts were extinguished. Nevertheless, Defendant unjustifiably and without any arguable basis has continued to effect collection efforts against Plaintiffs. The continued actions of Defendant, especially after having been warned by Plaintiffs' bankruptcy counsel to cease all such efforts, are so extreme and intolerable that they cannot be justified in any respect in a civilized society.

13. As a direct and proximate result of the Defendant's outrageous conduct, Plaintiffs have suffered extreme emotional distress as alleged herein

above. They have suffered sleepless nights, extreme embarrassment, humiliation, loss of apetite, loss of enjoyment of life, and such other particulars as may be proven at trial.

**WHEREFORE,** Plaintiffs demand judgment against Defendant in such amount of compensatory and punitive damages as may be awarded at the trial of this cause, together with interest and costs of this action.

## COUNT TWO– VIOLATION OF
## FAIR DEBT COLLECTION PRACTICES ACT

14.    Plaintiff realleges and adopts by reference all prior allegations of the Complaint, as if set forth fully herein.

15.    Resolutions was a "debt collector" within the meaning of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(6).

16.    Resolutions violated the FDCPA by communicating directly with Plaintiffs, when Resolutions had actual knowledge that Plaintiffs were represented by counsel in connection with the debt, in violation of 15 U.S.C. § 1692c(a)(2).

17.    Resolutions violated the FDCPA by employing false and misleading communications in attempting to collect from Plaintiffs, to wit, by misrepresenting the character and legal status of the debts, and in particular by representing that the debts were owed when in fact they had been discharged by virtue of Plaintiffs' discharge from bankruptcy, in violation of 15 U.S.C. §1692e(2).

18.     Resolutions violated the disclosure requirements of the FDCPA by failing to include in its initial communications directly with Plaintiffs, in late 2009, the information required by 15 U.S.C. §1692g(a).

19.     As a proximate result of these violations of law, Plaintiffs have been damaged.

**WHEREFORE,** Plaintiffs demand judgment against Defendant in such amount of actual, statutory, and other damages as may be awarded at the trial of this cause, together with interest and costs of this action, including reasonable attorneys fees as awardable under the FDCPA.

## COUNT FOUR – INVASION OF PRIVACY

20.     Plaintiff realleges and adopts by reference all prior allegations of the Complaint, as if set forth fully herein.

21.     Defendant intentionally and without justification intruded upon Plaintiffs' seclusion by attempting, repeatedly and willfully, to collect debts which have undisputedly been discharged in bankruptcy.

22.     As a proximate result of such acts, Plaintiffs have suffered economic and emotional damages.

23.     Defendant undertook their actions intentionally and willfully, thus warranting the imposition of punitive damages.

WHEREFORE, Plaintiffs demand judgment against Defendant in such amount of compensatory and punitive damages as may be awarded at the trial of this cause, together with interest and costs of this action.

### JURY DEMAND

Plaintiff demands trial by struck jury as to all claims so triable.

                                                /s/ Wilson F. Green
                                                Wilson F. Green (ASB-8293-E61W)
                                                Attorney for Plaintiffs

**OF COUNSEL:**
**FLEENOR GREEN & McKINNEY LLP**
204 Marina Drive, Ste. 200
Tuscaloosa, Alabama 35406
Telephone: (205) 722-1018
Fax: (205) 776-2606
Email:       wgreen@fleenorgreen.com


**PLAINTIFF REQUESTS THAT THE DEFENDANTS BE SERVED BY CERTIFIED MAIL AT:**

Real Time Resolutions, Inc.
c/o C T CORPORATION SYSTEM
2 NORTH JACKSON ST., SUITE 605
MONTGOMERY, AL 36104